# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1095V**

ANNA JOSEPH and RAHEEM DAVIS on behalf of A.D., a minor child,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 24, 2026

*Elizabeth Kyla Abramson, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On June 30, 2025, Anna Joseph and Raheem Davis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of their minor child A.D.. Petitioners allege that A.D.'s receipt of a rotavirus vaccine on August 30, 2024, caused her to suffer a Table injury of intussusception. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 30, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for A.D.'s intussusception. On July 23, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded funds to satisfy an AmeriHealth Caritas Medicaid lien in the amount of $10,069.16, and $45,000.00 to purchase an annuity contract as described in Section IIB of Respondent's Proffer.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer at 2-4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

**A. A lump sum payment of $10,069.16, representing compensation for satisfaction of the AmeriHealth Caritas Medicaid lien, in the form of an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

**AmeriHealth Caritas Medicaid**
**AmeriHealth Caritas Medicaid c/o Claritev**
**ATTN: Ella Ferguson**
**535 E. Diehl Road, Suite 100**
**Naperville, IL 60563**
**Case #: 816583**

**B. For pain and suffering, an amount of $45,000.00, to purchase the annuity contract described in Section II.B. of Respondent's Proffer, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ANNA JOSEPH and RAHEEM DAVIS,<br>on behalf of A.D., a minor child,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | No. 25-1095V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

## I. Procedural History

On June 30, 2025, Anna Joseph and Raheem Davis ("petitioners") filed a petition for compensation ("petition") on behalf of their minor child, A.D., under the National Childhood Vaccine Injury Act of 1986, 43 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that A.D.'s receipt of a rotavirus vaccine on or about August 30, 2024, caused her to suffer a Table injury of intussusception. Petition at 1-2; ECF No. 1. On March 25, 2026, respondent filed his Rule 4(c) report in which he conceded that petitioners are entitled to compensation in this case. ECF No. 24. Accordingly, on March 30, 2026, the Chief Special Master issued a Ruling on Entitlement, finding that petitioners are entitled to vaccine compensation. ECF No. 25.

## II. Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend that compensation be made through future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. AmeriHealth Caritas Medicaid Lien

Respondent proffers that petitioners should be awarded funds to satisfy an AmeriHealth Caritas Medicaid lien in the amount of $10,069.16, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action AmeriHealth Caritas Medicaid may have against any individual as a result of any Medicaid payments AmeriHealth Caritas Medicaid has made to or on behalf of A.D. from the date of her eligibility for benefits through the date of judgment in this case as a result of A.D.'s vaccine-related injury suffered on or about August 30, 2024, under Title XIX of the Social Security Act. Reimbursement of the AmeriHealth Caritas Medicaid lien shall be made through a lump sum payment of $10,069.16, representing compensation for satisfaction of the AmeriHealth Caritas Medicaid lien, in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

AmeriHealth Caritas Medicaid
AmeriHealth Caritas Medicaid c/o Claritev
ATTN: Ella Ferguson
535 E. Diehl Road, Suite 100
Naperville, IL 60563
Case #: 816583

[1] Should A.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B. Pain and Suffering

For pain and suffering, an amount not to exceed $45,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to A.D. as set forth below:

a. A certain Lump Sum of $37,716.86 payable on June 20, 2045.

b. A certain Lump Sum of $43,865.64 payable on June 20, 2048.

c. A certain Lump Sum of $50,929.47 payable on June 20, 2051.

---

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 25-1095V.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $45,000.00. In the event that the cost of the annuity payments set forth above varies from $45,000.00, the certain lump sum payable on June 20, 2051, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $45,000.00. Should A.D. predecease payment of any of the certain payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of A.D.'s death.

These amounts represent all elements of compensation to which A.D. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[5]

## III. Summary of Recommended Payments Following Judgment

A. Medicaid Lien: $10,069.16

B. An amount of $45,000.00 to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

[5] At the time payment is received, A.D. will be an adult, and thus guardianship is not required. However, petitioners represent that they presently are, or if necessary, will become, authorized to serve as guardians/conservators of A.D.'s estate as may be required under the laws of the State of Florida.

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/Crystal Fialkowski*
CRYSTAL FIALKOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-5267
Email: crystal.fialkowski@usdoj.gov

Dated: July 23, 2026

CERTIFICATE OF SERVICE

I certify that today, July 23, 2026, a copy of the foregoing pleading will be served by electronic mail to Elizabeth Abramson at eabramson@mctlaw.com.

/s/ Crystal Fialkowski